ORIGINAL

David A. Rosenfeld (058163)
Caren P. Sencer (233488)
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

E-filing

Attorneys for Petitioner
Teamsters, Local 439

FILED
MAY 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL BROTHERHOOD OF ) No. C08-02536 JL
TEAMSTERS, LOCAL 439, )
                                    ) PETITION TO CONFIRM
           Petitioner,              ) ARBITRATION AWARDS
                                    )
    v.                              )                           ADR
                                    )
SAFEWAY STORES, INC.                )
                                    )
           Respondent.              )
                                    )

The Petition of Petitioner, respectfully shows:

**JURISDICTION**

1.  Jurisdiction of this Court is based upon 29 U.S.C. §185, 28 U.S.C. §1331, 28 U.S.C. §1337 and 9 U.S.C. § 4. Venue is appropriate in this District since the arbitration awards involved in this despite were issued in this District and Respondent Safeway Stores, Inc. maintains its headquarters and various facilities within this District.

2.  Petitioner is a labor organization within the meaning of 29 U.S.C. §152. It is a labor organization organized for the purpose of representing its members in their terms and conditions of employment.

3.  Respondent Safeway Stores, Inc. is an employer within the meaning of 29 U.S.C. § 152 and does business within this judicial district.

PETITION TO CONFIRM ARBITRATION AWARDS

4. A Collective Bargaining Agreement exists between Petitioner and Respondent which contains a provision for final and binding arbitration. Attached as Exhibit A is a copy of the grievance and arbitration procedure of the Collective Bargaining Agreement.

5. In 2007, a dispute arose between Petitioner and Respondent concerning whether the employer failed to comply with a January 31, 2007 agreement concerning whether Safeway breached the terms of a grievance settlement agreement involving Safeway's CPS facility, and whether the alleged breach was subject to arbitration.

6. Under the terms of the Agreement the parties submitted this matter to a Board of Adjustment on April 14, 2008 consisting of Union Member Ed Speckman, Union Member Daniel Lee, Company Member Doug Ruygrok, Company Member Michelle Scott and Company Member Kurt Steinhoff. Barbara Bridgewater was the Neutral Member of the Board of Adjustment.

7. Arbitrator Bridgewater issued her Decision finding the matter was arbitrable on May 14, 2008. That Decision was issued in Alameda County and a copy of that Decision is attached as Exhibit B.

8. After the Board of Adjustment but prior to the issuance of the written Decision, respondent attempted to terminate Ms. Bridgewater as the arbitrator selected by the parties. That issue was submitted to the arbitrator and she ruled on May 7, 2008 that the company could not remove her as arbitrator based upon the language of the contract. This was a matter of a controversy between the company and the Union. It was fully arbitrable under the terms of the grievance procedure attached as Exhibit A. A copy of the Arbitrator's May 7 Decision is attached as Exhibit C.

9. The Respondent has refused and failed to comply with the Decisions of Arbitrator Bridgewater referred to as Exhibits B & C attached hereto.

10. Petitioner has been required to secure the services of counsel for the prosecution and enforcement of the arbitration award. Because of Respondent's refusal to comply with the Decisions of Arbitrator Bridgewater is unjustified and in bad faith, Petitioner seeks attorneys' fees incurred to obtain compliance with the arbitration procedure. International Union of Petroleum

1  and Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425 (9th Cir. 1983); <u>Sheetmetal</u>
2  <u>Workers' International Association, Local Union No. 359 v. Madison Industries, Inc. of Arizona</u>,
3  84 F.3d 1186, 1191 (9th Cir. 1996). Here, Respondent has not sought to vacate this arbitration
4  award and any response is barred by the statute of limitations. See, <u>Sheetmetal Worker's</u>
5  <u>International Association, Local 252 v. Standard Sheetmetal, Inc.</u>, 699 F.2d 481 (9th Cir. 1983) and
6  <u>Fortune Alsweet & Eldridge, Inc.v. Daniel</u>, 724 F.2d 1355 (9th Cir. 1983).
7        WHEREFORE, the Petitioner prays that this Court issue an order confirming the decisions
8  of the Arbitrator attached as Exhibits B&C to this Petition. Furthermore, Petitioner requests costs,
9  attorneys fees and for such other and further relief as to this Court seem just and proper.

11  Dated: May 19, 2008
12                              WEINBERG, ROGER & ROSENFELD
                                    A Professional Corporation
13
14                          By: _____
                                    David A. Rosenfeld
                                    Attorneys for Petitioner
15  1/493993

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

# AGREEMENT

between

**Safeway Inc.**

and

**Teamsters Local 439**



Sam Rosas  
Secretary-Treasurer

Phil Rushing  
President

*August 10, 2003 to September 27, 2008*

**EXHIBIT A**

## ARTICLE XXVI. - GENERAL GRIEVANCE PROCEDURE

A grievance is any controversy between the Company, the Union or an employee arising out of an alleged violation of a specific provision of this Agreement. The grievance and arbitration procedure shall apply only to disputes that arise during the term of this Agreement. The grievance and arbitration procedure of this Agreement will be the sole and exclusive means available for resolving grievances. Prior to any grievance being filed, the employee shall make his immediate supervisor aware of his dispute. In the case of a Company grievance, a representative of the Company shall make a Union representative aware of the dispute prior to filing a formal grievance. In all cases, except where safety of the employee is in jeopardy, the employee is required to work first and grieve later. It is the intent of the parties to settle grievances in an expeditious manner.

A. **Step One.** Any grievance shall be filed in writing within ten (10) days of the day the grievant knew or should have known of the alleged incident with the specific contractual violation clearly indicated. The matter shall be discussed with the grievant, the steward and the department head. Any grievance not filed within this ten-(10) day time limit will be considered null and void. The department head or his designee, shall respond to the grievance, in writing to the grievant, within ten (10) days of the grievance or the grievance shall be deemed resolved in favor of the Union.

**Step Two.** If the grievance is not resolved between the employee, the steward and his department head, it shall be referred within ten (10) days of the receipt of the Company's response by the Union to the Director of Labor Relations or the grievance shall be deemed resolved in favor of the Company. As soon as possible, but not later than ten (10) days, the Director, the grievant, steward and the Business Agent shall meet to resolve the grievance. The Company shall respond within ten (10) days, in writing to the Union, for the purpose of resolving the grievance or the grievance shall be deemed resolved in favor of the Company. In the case of a Company initiated grievance, the Company shall refer the grievance to the Union within ten (10) days or the

22

grievance shall be deemed resolved in favor of the Union. The Union shall respond within ten (10) days, in writing to the Company, or the grievance shall be deemed resolved in favor of the Company. Suspensions and discharges shall automatically be referred to the Director of Human Resources.

**Step Three.** In the event the second step fails to settle the grievance it shall be referred to a Board of Adjustment within thirty (30) days by the initiating party or it shall be deemed resolved in favor of the other party. There shall be a Board of Adjustment comprised of four (4) members; two (2) representing the Union and two (2) representing the Company and one neutral member who shall be XX and shall also serve in the capacity of permanent arbitrator. The Union members of the Board of Adjustment shall not be employees of the Local Union and the Company members of the Board of Adjustment shall not be management or supervisory employees of the Company who are assigned to the facility covered by this agreement. If XX is unable to serve, the parties will appoint another permanent arbitrator. Should the parties fail to agree on the replacement for the permanent arbitrator they shall select an arbitrator from a panel of seven (7) arbitrators having offices in Northern California furnished by the FMCS. The Arbitrator shall be selected by the alternate striking method, the order of choosing determined by the winner of a coin toss. The parties shall arrange with the arbitrator mutually agreeable dates, with a minimum of one date per month for a period of twelve (12) months for the Adjustment Boards to be convened. It is the intent of the parties that as many cases as can be heard, per monthly session, will be heard. By mutual agreement of the parties and the arbitrator, more dates may be scheduled. In no case shall attorneys be members of the Board of Adjustment except for the neutral member.

Once each twelve (12) month period, either party may remove the arbitrator and request that a new arbitrator is chosen. If the parties cannot mutually agree on the selection of a new arbitrator, the arbitrator will be selected using the alternating selection method indicated above. If no such request is made, the arbitrator shall be renewed for an additional twelve- (12) month period.

The Board of Adjustment shall not be empowered to amend, modify or change the terms of this Agreement. On termination and discipline cases, votes and deliberations of the Board of Adjustment shall be confidential among the members of the Board of Adjustment and only the final decision shall be announced to the parties.

The parties shall share the cost of the arbitrator's monthly fees equally.

Either party has the right to one (1) postponement of a case. If the postponement of a case results in the postponement of the Board of Adjustment, the postponing party shall pay the arbitrator's total monthly fee, unless a date is substituted at no additional cost. The rescheduled Board of Adjustment must occur within twenty (20) days. All decisions by the Board of Adjustment shall be made by confidential majority vote and announced by the neutral member.

23

Step Three (A). In cases of contract construction as distinguished from disciplinary cases, the parties may mutually agree to bypass the Board of Adjustment and to proceed to arbitration before the permanent arbitrator. Either party may be represented by counsel at arbitration. If one of the parties intends to have their attorney present they shall notify the other party at the point where it is agreed that the case is on the agenda for the next arbitration.

The Arbitrator shall issue a decision upon the conclusion of the case unless the time is extended by mutual agreement of the parties or at the request of the Arbitrator. In no event shall the time period for a decision be more than thirty (30) days. The Arbitrator may issue a bench decision at the conclusion of the hearing and later issue the written award.

B. In the event a grievance cannot be addressed within the prescribed time limits due to the involvement of outside agencies or due to the necessity of medical reports, the time limits will be automatically extended for only such time that it takes to receive such reports. It is understood and agreed that neither party will abuse exceptions to the time limits.

C. The losing party is obligated to pay the cost of the arbitration. This means the cost of the arbitrator (exclusive of mutually agreed to cancellation fees), the court reporter (if used) and the cost of the hearing room. Each party is responsible for the cost of presenting their respective cases including legal fees and court costs (if applicable).

D. The jurisdiction and authority of the arbitrator over the grievance and his opinion and award shall be confined exclusively to the interpretation of the explicit provisions of this Agreement at issue between the Union and the Company.

E. The arbitrator shall have no authority to add to, detract from, alter, amend or modify any provision of this Agreement, or impose on any party hereto a limitation or obligation not explicitly provided for in this Agreement or establish or alter any wage rate or wage structure.

F. A decision reached at any step of the grievance/arbitration procedure shall be final and binding on the parties and the employees.

G. Unless otherwise specified, all references to day(s) in this Article refer to work days excluding Saturday, Sunday and holidays regardless of the work schedule.

# BOARD OF ADJUSTMENT DECISION AND AWARD

In the Matter of

**SAFEWAY INC.**

and

**TEAMSTERS LOCAL NO. 439**

Re: CPS - Jurisdiction to Adjudicate

## APPEARANCES

FOR THE COMPANY:
Doug Ruygrok
Director
Labor Relations Supply & Distribution
Safeway Inc.
618 Michillinda Avenue
Arcadia, CA 91007-6300
(626) 821-7046


FOR THE UNION:
Ed Speckman
Business Representative
General Teamsters Local No. 439
P.O. Box 1611
1531 E. Fremont St.
Stockton, CA 95201
(209) 948-9592


BOARD OF ADJUSTMENT:
Barbara Bridgewater, J.D., Arbitrator, Neutral Member
Michelle Scott, Company Member
Kurt Steinhoff, Company Member
Daniel Lee, Union Member
Reuben J. Moreno, Union Member

**EXHIBIT B**

## JURISDICTION

The Board of Adjustment convened on April 14, 2008 (at the Holiday Inn Express in Tracy, California) in accordance with Article XXVI - General Grievance Procedure, Section A, Step Three of the Collective Bargaining Agreement (CBA). The parties were afforded full and fair opportunity to present evidence. Under Article XXVI, Section F of the Agreement, "A decision reached at any step of the grievance/arbitration procedure shall be final and binding on the parties and the employees."

## ISSUE

Is the issue of whether the Company failed to comply with the January 31, 2007 Settlement Agreement arbitrable?

## BACKGROUND

By documents dated April 1, 2008, the Union alleged that Safeway failed to comply with the terms of settlement relating to the Local 439 C.P.S. grievance, and also informed the Company of its intent to arbitrate that matter on April 14, 2008. Union Exhibit 1 at page 15 and 16.

As a result of the Settlement Agreement,[1] a Notice was posted (See page 8 of U-1) informing employees that the "settlement provides for transfer rights for 439 and 630

---

[1] The January 31, 2007 Settlement Agreement resolved the 2006/2007 original grievance (pp. 5-6 of U-1). The Company contends that the issue of "disadvantaged employees" transfers was not part of the original grievance, does not arise out of the CBA and, therefore, is not arbitrable under the Teamsters Local 439 Collective Bargaining Agreement. The Union contends the original grievance covers the matter by referencing bargaining unit work for the covered employees.

members who were 'disadvantaged' by the movement of work," and that they could sign the posted "Sacramento SIGN-UP" list, if they wished to be considered for a transfer. Approximately 48 employees signed the list. (pp. 9-14 of U-1).

At issue if whether the Company's alleged breach of #3 of the Settlement Agreement (at p.2 of U-1) is arbitrable under the Teamsters Local 439 CBA. No. 3 reads as follows:

> Upon assuming control of the CPS facility, the Company agrees to provide a window period of adequate length (undefined at this time) in which Company employees covered by collective bargaining agreements with Local 630 and 439 who may have been disadvantaged by the transfer of work to CPS will be permitted to transfer, with their seniority, to the CPS facility. Any employee who elects to transfer will be permitted to return to their original facility with their seniority within ninety (90) days of transfer. No further transfers will be required.

## EXHIBITS

### Joint Exhibits:

1. The August 10, 2003 to September 27, 2008 Collective Bargaining Agreement

### Company Exhibits:

1. Article XXVI - General Grievance Procedure (pp. 21 through 24 of the CBA)

2. Letter dated April 4, 2008 from Doug Ruygrok to Ed Speckman (also at p.17 of U-1)

### Union Exhibits:

1. An 18-page document regarding the grievance.

## POSITION OF THE COMPANY

Under Article XXVI(D), "The jurisdiction and authority of the arbitrator ... shall be confined exclusively to the interpretation of explicit provisions of this Agreement at issue between the Union and the Company," and under Article XXVI(E), "The arbitrator shall have no authority to add to, detract from, alter, amend or modify any provision of this Agreement, ..."

The Union's grievance involves the alleged breach by the Company of the CPS Settlement Agreement and, as such, the grievance does not arise under the terms and conditions of Teamsters Local 439's CBA with the Tracy Warehouse.

This issue involves Locals 630, 150 and 439. Therefore, the arbitration and dispute resolution provision of the Local 439 CBA does not apply, and the Arbitrator is without jurisdiction to adjudicate the issues raised in the grievance. Any alleged breach of the CPS Settlement Agreement stands apart from the Local 439 Agreement with the Tracy Warehouse and must be adjudicated under the terms of the CPS Agreement.

CPS is not part of Teamsters Local 439's CBA, and Paragraph 3 of the Settlement Agreement does not arise out of the Teamsters Local 439 CBA. The disadvantaged workers provision has nothing to do with Local 439's CBA.

There is no issue for resolution under the Local 439 CBA -- no violation of the CBA. Therefore, the Arbitrator has no authority to resolve this matter.

In resolving this question, the majority of the Board of Adjustment noted that the wording of the original grievance states that it involved "subcontracted/diverted work ... away from the bargaining unit," and that the Company "... secretly removed the Union work to another location." (pp. 5-6 of U-1). Moreover, the 2007 original grievance document expressly states that the grievance pertained to the "C.P.S./NFI Sacramento" facility. And these facts coupled with the language of the first paragraph of the Settlement Agreement, namely, "This Settlement Agreement is by and between ...General Teamsters Local 439 ... and Safeway Inc. ... with respect to grievances filed by each Local over the Company's alleged transfer of bargaining unit work to a distribution center owned by the Company and known as ...("CPS"), located in West Sacramento, California was persuasive evidence that the instant allegation -- that the Company failed to comply with No. 3 of the Settlement Agreement -- is arbitrable.

In so concluding, the majority of the Board of Adjustment fully considered the Company's contention that Number 3 of the Settlement Agreement was not part of (does not pertain to) the original grievance and, thus, is not arbitrable under the Teamsters Local 439 Collective Bargaining Agreement. However, because #3 references "the transfer of work to CPS" and the Company expressly agreed to permit employees covered by the Local 439 CBA to transfer under specified conditions, the Board majority concluded that Teamsters Local 439 is not barred from arbitrating the issue of whether the Company breached its agreement with respect to that provision of the Settlement Agreement.

Additionally, the fact that under #4 of the Settlement Agreement, the parties mutually agreed that the Settlement Agreement resolved "all outstanding issues between the parties over the Company's alleged transfer of warehouse bargaining unit work to CPS,"

when coupled with the broad wording of the definition of a "grievance" as set forth under Article XXVI, was further supportive evidence that jurisdiction to adjudicate the instant grievance is within the provisions of the Local 439 CBA.

Moreover, the parties agreement under the January 31, 2008 Settlement Agreement [that "This Settlement Agreement is effective and binding on the parties"] and under Article XXVI(F) of the CBA [that "A decision reached at any step of the grievance/arbitration procedure shall be final and binding on the parties and the employees"] also supports a finding that the question of whether the Company violated Number 3 of the January 31, 2007 Settlement Agreement is arbitrable under the Teamsters Local 439 Collective Bargaining Agreement.

### AWARD

The issue of whether the Company failed to comply with the January 31, 2007 Settlement Agreement is arbitrable.

*[signature]*

BARBARA BRIDGEWATER, J.D., Arbitrator
For the Majority of the Board of Adjustment.

Dated: May 14, 2008

May 7, 2008

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
Attorneys for **Teamsters Local 439**
*David A. Rosenfeld*
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
(510) 337-1001

**SEYFARTH SHAW LLP**
Attorneys for **Safeway**
*Christian J. Rowley*
560 Mission Street, Suite 3100
San Francisco, CA 94105
(415) 397-2823

RECEIVED
MAY 08 2008
W R & R

**Subject:** Authority of Arbitrator Barbara Bridgewater to hear cases on the May through September 2008 dates that the parties mutually scheduled.

**Position of the Company:** Under Article 26, Section A, the Company could unilaterally terminate the Arbitrator and cancel all remaining scheduled dates. Article 26 states:

> Once every twelve (12) month period, either party may remove the arbitrator and request that a new arbitrator is chosen. If the parties cannot mutually agree on the selection of a new arbitrator, the arbitrator will be selected using the alternating selection method indicated above. If no such request is made, the arbitrator shall be renewed for an additional twelve (12) month period.

**Position of the Union:** The language of Article 26, Section A, does not provide the Company the right to terminate the Arbitrator at any time. If the Company chooses not to appear, the Arbitrator should proceed with ex parte hearings on the scheduled dates. Two cited cases -- *Toyota of Berkeley v. Automobile Salesmen's Union. Local 1095*, 834 F.2d 751 (1987) and *New England Mechanical, Inc. v. Laborers Local Union 294*, 909 F.2d 1339 (1990) -- are precedent for the Arbitrator to hear the May through September 2008 matters ex parte.

**Arbitrator's Determination:** The Arbitrator will appear at the May 22, 2008 hearing, at 10 a.m., based on the Union's contention that the language of Article 26 barred the Company from terminating the Arbitrator when the Company did so. The Arbitrator will comply with any judicial determinations that prohibit her from holding the May 22, 2008, hearing if the Company does not attend.

Sincerely,

*[signature: Barbara Bridgewater]*

COPY SENT TO CALENDAR
MAY 08 2008
VAN BOURG, WEINBERG,
ROGER & ROSENFELD

**Barbara Bridgewater, J.D.**, Labor-Management Arbitrator, 2116 Eighth St., Berkeley, CA 94710. Phone/Fax (510) 845-0728

**EXHIBIT C**